UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRIMINAL NO. 07-22-DLB-1

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                           **MAGISTRATE JUDGE'S REPORT**
                                  **AND RECOMMENDATION**

RACHEL NICOLE BRUMFIELD,                                                           DEFENDANT

   This matter is before the Court for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office on March 10, 2010. The report outlines two alleged violations of the terms of Defendant's supervised release. At a hearing on March 24, 2010 The Defendant was present and represented by appointed counsel, Richard A. Hughes, and the United States was represented by Assistant United States Attorney Roger West. United States Probation Officer Carol Martin was also present.

   The Defendant stipulated to the violations contained within the report and the Court, being fully advised, and after determining the voluntariness and factual basis of the stipulation, makes the following proposed Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

   (1) On January 27, 2010, the Defendant tested positive for opiates by urine sample. She reported having severe pain from kidney stones and obtaining a Percocet pill from a friend without a prescription.

   (2) On February 8, 2010, the Defendant tested positive for opiates via an instant test. A specimen sent for lab confirmation revealed a dilute sample.

(3) On February 22, 2010, the Defendant admitted to use of 25 mg Oxycodone on February 20, 2010.

(4) The Defendant failed to keep an appointment with Windows of Discovery on February 25, 2010.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(3), the above stipulation establishes, by a preponderance of the evidence, that the Defendant has violated the following conditions of her supervision:

1. The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
2. The Defendant shall participate in a program of substance abuse treatment and counseling.

Under §7B1.4(a), the most serious of the violations committed by the Defendant is a Grade B violation. Based on the Defendant's criminal history category of I, the guideline range of imprisonment would be 4-10 months. The maximum statutory period of imprisonment would be a term of twenty-four (24) months. See 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have violated the terms of her supervised release as set out above;

(2) That the Defendant, having waived her right to allocution before United States District Judge David L. Bunning and exercised that right before the undersigned,

be sentenced without delay;

(3)  That the Defendant is CONTINUED on Supervised Release and is remanded to the custody of the United States Marshal, for a period not to exceed four (4) months, pending acceptance into the Hope Center Recovery Program for Women.

(4)  Once accepted into the program, the defendant will be transported to the Hope Recovery Center by the United States Marshals.  Her supervised release will expire as scheduled.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2).

Signed March 26, 2010.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge