UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 07-22-DLB-1

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                    **MAGISTRATE JUDGE'S
                      REPORT AND RECOMMENDATION**

RACHEL BRUMFIELD,                                                      DEFENDANT.

This matter came before the Court for an initial appearance on July 11, 2012, as a result of a Supervised Release Violation Report dated June 27, 2012. The report outlines three (3) alleged violations of the terms of Defendant's supervised release. At the initial appearance, Ms. Brumfield was present and represented by appointed counsel, Richard Hughes, Esq., and the United States by and through Assistant United States Attorney J. Thompson. Brumfield stipulated to Violations 1 and 2 as contained in the report, waived her right of allocution before a United States District Judge, and the parties jointly recommended a sentence of ten (10) months incarceration with no supervised release to follow. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that Brumfield be found guilty of Violation Nos. 1 and 2 based on her stipulation, that Violation No. 3 be dismissed, and that the Court impose a sentence of ten (10) months of incarceration with no supervised release to follow.

**FINDINGS OF FACT**

At the hearing on July 11, 2012, Brumfield tested positive for, and admitted to illegal possession and use of Oxycodone during the term of her supervised release as outlined in the report.

The stipulated conduct establishes, by a preponderance of the evidence, that the defendant

has committed the following violations of supervised release:

(1) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Violation No. 1); and,

(2) The defendant shall not commit another federal, state, or local crime. (Violation No. 2).

## **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)  The nature and circumstances of the offense.  In the instant matter, the Defendant admitted to illegal possession and use of a controlled substance, Oxycodone.  Simple possession of cocaine is a violation of KRS 218A.1415, Possession of a Controlled Substance in the First Degree, a Class D. Felony, a Grade B Violation of her supervised release.

(ii)  The history and characteristics of the Defendant.  On June 5, 2008, Brumfield was sentenced to a term of five (5) months imprisonment to be followed by a three-year term of supervised release, following her guilty plea to a violation of 18 U.S.C. § 1001, False Statement to a Federal Agent.  She began her term of supervised release on August 7, 2008.  The instant matter is her third occasion for violation of the terms of supervised release, and all violations relate to the illegal use and possession of controlled substances.

(iii)  The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the parties and Ms. Brumfield jointly recommend a sentence at the high end of the guideline

range, ten (10) months with no supervised release to follow.  Considering the Defendant's criminal history category, the instant and past violations in this matter, and her personal history and struggle with drug addiction, the Court finds that the joint recommendation is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.

(iv)  In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.4(a), based on the Defendant's criminal history category of I, the guideline range of imprisonment would be 4 to 10 months.  The maximum statutory period of imprisonment would be a term of not more than 24 months.  See 18 U.S.C. § 3583(e)(3).  The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)     That the Defendant be found to have committed the Violations 1 and 2 as outlined above;

(2)     That Motion of the United States to DISMISS  Violation 3 be GRANTED; and

(3)     That the Defendant be sentenced without delay to a period of ten (10) months incarceration, with no supervised release to follow upon release from custody.

Signed July 11, 2012.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge